IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50462
_____

BRENDA L STUCKY, doing business as Bill's Wrecker Service;
RICHARD VILLANEVA, doing business as Creswells 24 Hour Wrecker
Service

             Plaintiffs - Counter Defendants - Appellants

        v.

CITY OF SAN ANTONIO;

             Defendant - Counter Plaintiff - Appellee

TEXAS TOWING CORPORATION

             Intervenor Defendant - Counter Plaintiff -
             Appellee

_____

Appeal from the United States District Court for the
Western District of Texas, San Antonio
_____
September 14, 2001

ON PETITIONS FOR REHEARING AND REHEARING EN BANC

(Opinion 7/30/01, 5th Cir., 2001 WL 863500)

Before KING, Chief Judge, and REAVLEY and JONES, Circuit Judges.

PER CURIAM:

     The Petition for Rehearing is DENIED and no member of this
panel nor judge in regular active service on the court having
requested that the court be polled on Rehearing En Banc (Fed. R.
App. P. and 5th Cir. R. 35), the Petitions for Rehearing En Banc are
also DENIED.

In its Petition for Rehearing En Banc the City of San Antonio brings to our attention a recent amendment by the Texas legislature of definitions of "consent" and "non-consent" tows. See TEX. TRANS[P]. CODE § 643.201(e), as amended effective Sept. 1, 2001. The City contends that based on those subsequent amendments, the court must now reconsider its rejection of the City's prior argument (outlined in footnote 11 of our opinion) that accident tows at which a police or municipal officer is present with some authority over the scene constitute "non-consent tows". The City claims that because its prior argument is newly reflected in the amended statutory definitions, the court is bound to rely on the new statute and thus to change its ruling rejecting that argument.

A careful reading of the reasons set out in footnote 11 and of our analysis of the inapplicability of the municipal proprietor exception makes clear that our ruling regarding what constitutes "consent" and "non-consent" tows for the purposes of the municipal proprietor exception was based on an in-depth substantive analysis of the actual workings of accident tows in San Antonio and of the effect of the City's Ordinances on that market. See Stucky, 2001 WL 863500, at *6-11, *19 n.11. Moreover, within footnote 11 itself, the court cautioned the City that it could not simply avoid preemption with mere semantics regarding "consent" and "non-consent" tows. We reiterated the district court's admonishment of the same argument: "'[The City] cannot, by sleight of hand (or

2

language), simply eliminate the concerns addressed by the inquiry regarding whether a tow is consensual or nonconsensual .... It cannot be the case that simply redefining what a consent tow is eliminates that concern.' ... [The City's] argument is unpersuasive." Id. The new statutory definitions add nothing to the City's failed argument that the mere presence of a city officer makes for a non-consent tow.

The mandate shall issue forthwith.